# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00273-RJC

| | |
|---|---|
| **JANET GIBSON HOYLE,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) |
| **Defendant.** | ) |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (Doc. Nos. 11, 12). Having fully considered the written arguments, administrative record, and applicable authority, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** this matter for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff Janet Gibson Hoyle ("Hoyle") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Hoyle filed an application for disability insurance benefits on July 31, 2017. (Tr.[1] 36). On the same day, she also filed an application for supplemental security income. (*Id.*). Both applications had an alleged onset date of September 1, 2016. (*Id.*).

In denying Hoyle's social security claims, the Administrative Law Judge (the "ALJ") conducted a five-step sequential evaluation. (*Id.* at 38-48). At step one, the ALJ found that Hoyle had not engaged in substantial gainful activity since her alleged onset date. (*Id.* at 38). At step

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 10.

two, the ALJ found that Hoyle had the following severe impairments: chronic kidney disease, obesity, and major depressive disorder. Additionally, he found Hoyle had the following non-severe impairments: social anxiety, somatoform disorder, post-traumatic stress disorder, osteoarthritis, knee problems, anemia, and chronic obstructive pulmonary disease. (*Id.* at 39). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 39-41). Before moving to step four, the ALJ found that, through the date last insured, Hoyle had the residual functional capacity ("RFC") as follows:

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can apply the Dictionary of Occupational Titles Mental reasoning level 2 of commonsense understanding to carry out detailed, but uninvolved written or oral instructions. Additionally, she can deal with problems involving a few concrete variables in or from standardized situations.

(*Id.* at 41). At step four, the ALJ found that Hoyle is not able to perform past relevant work, but found at step five that Hoyle could perform jobs that existed in significant numbers in the national economy. (*Id.* at 46-48).

After exhausting her administrative remedies, Hoyle brought the instant action for review of Defendant's decision denying her application for disability benefits. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d

2

343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Hoyle argues the ALJ erred by finding her post-traumatic stress disorder ("PTSD") and anxiety as non-severe and by failing to consider her PTSD and anxiety in determining her RFC, including failing to complete a function-by-function analysis and using an incomplete hypothetical to the vocational expert. (Doc. No. 11-1). In response, Defendant argues any error in considering

3

Plaintiff's PTSD and anxiety as non-severe is harmless because he found other impairments severe and properly formulated Plaintiff's RFC, which is supported by substantial evidence. (Doc. No. 13).

"The determination of eligibility for social security benefits involves a five-step inquiry." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "The five step inquiry asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of [one of certain listed] impairments . . .; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work. *Id.* at 653 n.1; 20 C.F.R. § 404.1520. At the second step, the Commissioner considers whether the claimant has one or more medically determinable physical or mental impairments and, if so, determines whether they are "severe." 20 C.F.R. § 404.1521. "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are the "abilities and aptitudes necessary to do most jobs."[2] 20 C.F.R. § 404.1522(b).

Pursuant to Social Security Ruling 85-28:

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the

---

[2] Examples of these include—
    (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
    (2) Capacities for seeing, hearing, and speaking;
    (3) Understanding, carrying out, and remembering simple instructions;
    (4) Use of judgment;
    (5) Responding appropriately to supervision, co-workers and usual work situations; and
    (6) Dealing with changes in a routine work setting.
20 C.F.R. § 404.1522(b).

individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities) . . . .

A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities . . . .

At the fourth step, the ALJ determines the claimant's RFC, which is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). The ALJ first assesses the nature and extent of the claimant's physical and mental limitations and restrictions and then determine the claimant's RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545(b). The RFC should be assessed "based on all the relevant evidence in [the claimant's] case record" and considering all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a). The RFC must assess the claimant's work-related abilities on a function-by-function basis, including any relevant functions listed in 20 C.F.R. §§ 404.1545 and 416.945. Social Security Ruling 96-8p. "The assessment must also include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Britt v. Saul*, 860 Fed. App'x 256, 262 (4th Cir. 2021). In the Fourth Circuit, there is not a per se rule requiring remand for failure to perform an explicit function-by-function analysis; rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

Because ALJs are required to consider all of claimant's medically determinable impairments when assessing the claimant's RFC, including those that are not severe, courts have held that errors when determining a medically determinable impairment is not severe is harmless if the ALJ considers the not severe impairments in the ALJ's RFC assessment. *See Ferrebee v. Saul*, No. 1:19CV1139, 2021 WL 410886, at *5 (M.D.N.C. Feb. 5, 2021) ("Where an ALJ finds at least one severe impairment, any failure to identify more generally cannot constitute reversible error, because, upon determining that a claimant has one severe impairment, the ALJ must continue with the remaining steps in his disability evaluation."); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (concluding an ALJ's failure to list a medically-determinable impairment as severe was harmless error where the ALJ "extensively discussed" and considered any limitations posed by the impairment in the fourth step of the analysis); *compare Hurtado v. Astrue*, No. 1:09-1073-MBS-SVH, 2010 WL 3258272, at *14 (D.S.C. July 26, 2010) (remanding because second step finding was not supported by substantial evidence when ALJ failed to explain and discuss certain of claimant's impairments in the decision). And, finding an impairment to be severe at the second step, does not require the ALJ to include any limitations arising from such impairment in the claimant's RFC. *Hughes v. Astrue*, No. 1:09cv459, 2011 WL 4459097, at *10 (W.D.N.C. Sept. 26, 2011).

The ALJ found Hoyle had the following medically-determinable impairments that were not severe: social anxiety, somatoform disorder, post-traumatic stress disorder, osteoarthritis, knee problems, anemia, and chronic obstructive pulmonary disease. He reasoned:

> [t]he evidence does not reveal that these impairments result in any work-related limitations. An impairment or combination of impairments is "not severe" when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 404.1522 and SSR 85-28). As such, these impairments are non-severe.

6

Case 1:20-cv-00273-RJC   Document 14   Filed 03/07/22   Page 6 of 9

(Tr. 39).

Here, the ALJ did not sufficiently explain his conclusion that Hoyle's PTSD and anxiety are not severe at the second step. Rather, he made a conclusory statement that Hoyle's PTSD and anxiety had no more than a minimal effect on Hoyle's ability to work without connecting such conclusion to any evidence in the record. Such error may be harmless if the ALJ nevertheless concluded that Hoyle did have severe medical determinable impairments, completed the five-step inquiry to determine if Hoyle is disabled, and properly considered Hoyle's non-severe impairments when determining her RFC. *Ferrebee,* 2021 WL 410886, at *5. Since the Court remands this case, as discussed herein, the Court need not determine whether the ALJ properly considered Hoyle's non-severe impairments in determining her RFC.

The Court concludes the ALJ erred when determining Hoyle's RFC because he did not sufficiently complete a function-by-function analysis of Hoyle's mental impairments and provide the necessary narrative explanation. When considering Hoyle's ability to understand, remember, or apply information and her concentration, persistence, and pace the ALJ completed short analyses of Hoyle's subjective statements about each, but failed to properly discuss and explain how the medical evidence and opinions align with the weight given to Hoyle's subjective statements and, importantly, how the medical evidence and opinions support his findings related to certain relevant functions. Additionally, the ALJ never discussed or explained certain contradictory medical records related to Hoyle's mental impairments and functional limitations, such as medical records from Grandis Evaluation Center which explained Hoyle "is particularly challenged with regard to basic fund of concrete knowledge and with short-term memory and concentration but is likely to struggle in all tasks requiring efficient, effective cognitive processing." (*Id.* at 587). Further, the ALJ rejected portions of Dr. Todd Morton's medical opinion

7

relating to certain functional imitations without sufficient explanation or discussion of other similar medical evidence such as Grandis Evaluation Center medical records. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) ("[The] ALJ did not satisfactorily explain his decision to not rely on certain medical records that Monroe contends support his testimony."). Finally, there was little to no discussion of Hoyle's ability to perform each of these work-related functions for a full workday. *Mascio,* 780 F.3d at 637 (explaining the ALJ failed to discuss the claimant's ability to perform the relevant work-related functions for a full workday).

In sum, the Court is unable to complete a meaningful review of the ALJ's decision to determine whether it is supported by substantial evidence because the ALJ failed to complete a proper analysis and provide the necessary narrative discussion to support his findings. For the same reasons, the Court cannot determine whether the hypothetical questions posed to the vocational expert included all of Hoyle's functional limitations. *Monroe*, 826 F.3d at 189.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Hoyle's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**;

2. Defendant's Motion for Summary Judgment (Doc. No. 12) is **DENIED**; and

3.  This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 7, 2022

Robert J. Conrad, Jr.
United States District Judge